IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLIFF R. PORTER,

        Plaintiff,

                                     Case No. C2-06-1055
vs.                              Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Mark R. Abel

CITY OF COLUMBUS,
        et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion for judgment on the pleadings and Plaintiff's motion for reconsideration of the Magistrate Judge's Order granting in part and denying in part his motion for leave to amend the complaint. For the reasons that follow, Defendants' motion for judgment on the pleadings is granted in part and denied in part. Plaintiff's motion for reconsideration of the Magistrate Judge's Order is denied.

**I.**

At the time relevant to the original complaint, Plaintiff, Cliff R. Porter, was an applicant for appointment as a police officer with the City of Columbus. Plaintiff also was a volunteer Associate Advisor, as a private citizen on his personal time, with Exploring, a career-education program operated and maintained by Learning for Life, a subsidiary of the Boy Scouts of America. Plaintiff is personal friends with, and was appointed to his position as Associate Advisor

with Explorers by, Mark E. Frontera.[1]  Plaintiff brings this action under 42 U.S.C. §§ 1983 and

1985, alleging that Defendants violated and conspired to violate his First and Fourteenth

Amendment rights under the United States Constitution.

In his original complaint, filed December 15, 2006, Plaintiff named Defendants, the City

of Columbus, and City of Columbus employees Robert Meader, Joseph Bachman, Mark Rapp,

Walter Distelzweig, Brook Wilson, and Kimberly Wilkinson.  Plaintiff named each of the City

employees in his or her individual capacity only.

Plaintiff alleges that, during the time he was applying, testing and interviewing for a

position as a police officer with the City of Columbus, and, in particular on December 14, 2004,

Post Captain Bryan Mason delivered an order from Lieutenant Robert Meader that no youth

participant or adult leader would have any contact with Post Advisor Mark Frontera.  According

to the complaint, Meader also said that if anyone attempted to have contact with Frontera, the

information would be given to the Columbus Police Division Internal Background Investigations

Unit and, if that person applied for a job with the Division of Police, he or she would not be hired

for failure to cooperate with the order.

According to the complaint, on December 17, 2004, Sergeants Mark Rapp and Joseph

Bachman interviewed Plaintiff and told him that he was required to cooperate in an internal

investigation of Frontera, or, if not, he would be considered insubordinate and would be removed

from his position with the Explorers.  Plaintiff responded that he had a personal friendship with

---

[1]      Many of the facts relevant to this case are set forth by the Court in an Opinion and Order,
issued concurrently herewith, in a related action brought by Officer Mark E. Frontera, and will not be
repeated here.

Frontera. Rapp and Bachman stated in the December 17, 2004 interview that they were giving Plaintiff direct orders not to contact any present or former members of the Explorer Post and specifically ordered Plaintiff not to have any contact with Frontera. Plaintiff subsequently made public records requests of the audio tapes and written transcripts of this meeting, which he received on February 1, 2005. On February 7, 2005, Meader handed Plaintiff a letter expelling him from the Explorer Posts, and directed him not to trespass on City of Columbus and/or Division of Police property.

Plaintiff's was place upon a hiring list by the Columbus Civil Service Commission. Plaintiff has not been hired as a police officer.

Plaintiff filed a complaint with this Court on December 15, 2006. He generally alleges that he was removed arbitrarily and without authority from his position as an Associate Advisor with the Explorers, and that his application as a police officer was jeopardized after he participated in the investigation of Frontera. Defendants filed a motion for judgment on the pleadings, contending, in part, that the individual Defendants, whom Plaintiff had named in their official capacity only, were entitled to judgment to the same extent as the City of Columbus. Defendants assert further that the City of Columbus, as a municipality, is entitled to judgment as to Plaintiff's claim under Section 1983, because, according to Defendants, the City has no custom or policy that caused Plaintiff's alleged injuries. Defendants likewise assert that all individual Defendants in their official capacities must be dismissed because the action against them represents merely another way of pleading against the City of Columbus. Defendants maintain that they are entitled to judgment on Plaintiff's claim for conspiracy under 42 U.S.C. § 1985. Defendants contend that a City and its employees cannot constitute an unlawful conspiracy.

Plaintiff moved to amend the complaint to name the individual Defendants in their individual capacities. Defendants opposed the motion, contending that Plaintiff's attempt to amend the complaint to name the Defendants in their individual capacity would be futile, as it violated the applicable statute of limitations and did not relate back to the original pleading. The Magistrate Judge issued an Order granting, in part, Plaintiff's motion for leave to amend his complaint to permit him to supplement his factual allegations, but denied the motion to the extent that it sought to add claims against the police officers in their personal capacities. Plaintiff filed a motion for reconsideration of that aspect of the Magistrate Judge's Order denying his amendment against the individual Defendants in their personal capacities. These matters are now before the Court on the merits.

## II.

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a magistrate judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Thus, upon review of Plaintiff's motion for reconsideration of the Magistrate Judge's Order, and consistent with 28 U.S.C. § 636(b)(1)(A), this Court shall set aside any part of the Order found to be clearly erroneous or contrary to law.

As for Defendants' motion for judgment on the pleadings, Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The Rule 12(c) standard is the same as the standard

-4-

under Rule 12(b)(6). *See Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). For purposes of the Rule 12(c) Motion, all well-pleaded material allegations of the pleadings must be taken as true and the motion is granted only when no material issue of fact exists and the moving party is entitled to judgment as a matter of law. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

## III.

## A.  Individual Capacity Claims - Motion for Reconsideration

The Magistrate Judge denied leave for Plaintiff to amend his complaint to name the Defendant-police officers in their individual capacities because Plaintiff asserted the claims beyond the time permitted by the applicable statute of limitations, and because such pleading did not relate back to the original complaint under Federal Rule of Civil Procedure 15(c). The Court finds no error in the Magistrate Judge's determinations.

Plaintiff alleges that Defendants violated and conspired to violate his rights guaranteed by the First and Fourteenth Amendments pursuant to 42 U.S.C. §§ 1983 and § 1985. In particular, Plaintiff contends that the orders of December 14, 2004, December 17, 2004 and February 5, 2005 violated his civil rights.

Since no statute of limitations is contained in §§ 1983 and 1985, state law provides the relevant time limitation. In Ohio, a two-year statute of limitations applies to § 1983 claims. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)(citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (en banc)). Similarly, the statute of limitations for claims under 42 U.S.C. § 1985 is two years. *Savage v. Unknown FBI Agents*, 142 F.3d 436, 1998 WL 39318 *1 (6th Cir. Feb. 10, 1998)(unpublished) (citing *Harris v. Board of Educ.*, 798 F. Supp. 1331, 1345

(S.D. Ohio 1992)).    Plaintiff filed his original complaint on December 15, 2006.  He moved to amend his complaint on April 6, 2007.  Thus, Plaintiff's claims against the individual Defendants in their personal capacities are time-barred if the causes of action accrued prior to April 6, 2005. Plaintiff maintains, however, that the December 2004 and February 2005 orders constitute standing and "continuing violations," which continue to this day.

The continuing violation doctrine has the effect of preserving claims based on incidents that occurred outside of the limitations period, if those incidents were part of a larger discriminatory "practice" that continued into the limitations period. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982).  The continuing violation theory is a narrow exception to the ordinary rule that statute of limitations begin to run at the time the alleged discriminatory acts occurred. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003).    Courts have been reluctant to apply the continuing violation theory outside the context of Title VII, and rarely extend it to § 1983 claims.  *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003).

In *Ledbetter v. Goodyear Tire & Rubber Co.,* --- U.S. ----, 127 S.Ct. 2162 (2007), the United States Supreme Court emphasized the circumscribed nature of a continuing violation.  The Court noted in the context of an EEOC complaint that the limitations period "is triggered when a discrete unlawful practice takes place." *Id.* at 2169. The Court noted that "a freestanding violation may always be charged within its own charging period," and added that "if an employer engages in a series of acts each of which is intentionally discriminatory . . . a fresh violation takes place [with] each act." *Id.* at 2174. The Court nevertheless found that "[a] new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination." *Id.* at

2169.

The Sixth Circuit in *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999), applied a three-part test for determining whether a continuing violation exists for statute of limitations purposes. First, a "defendant's wrongful conduct must continue after the precipitating event that began the pattern." *Tolbert*, 172 F.3d at 940. Second, "injury to the plaintiff must continue to accrue after that event." *Id.* ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation."). Third, "further injury to the plaintiffs must have been avoidable if the defendants had at any time ceased their wrongful conduct." *Id.*

Based on these standards, the Court perceives no continuing violation as it relates to the order forbidding Plaintiff from associating with the Columbus Explorers and forbidding him to trespass on City of Columbus property. If these orders violated Plaintiff's constitutional rights, they were discrete, identifiable incidents, the effects of which may have continued to harm him, but do not constitute a new discriminatory event for purposes of the two-year statute of limitations. *See Ledbetter*, 127 S.Ct. 2162 (rejecting continuing violation argument where the original action was a sex-based discrimination, but subsequent non-discriminatory enforcement of the decision, *i.e.*, issuing each subsequent paycheck, was not a violation for statute of limitations purposes). Thus, Plaintiff's claims for alleged constitutional violations purportedly imposed by Defendants in their individual capacities are time-barred insofar as such claims relate to the direct orders removing him from, and further prohibiting future association with the Columbus Explorers, and forbidding him from trespassing on City property.

-7-

Alternatively, Plaintiff asserts that his amended complaint against the individual Defendants should survive despite the running of the statute of limitations by operation of Federal Rule of Civil Procedure 15(c). He maintains that the amended pleading "relates back" to the original complaint. Rule 15(c)(1)(C) provides that an amendment relates back to the original pleading when

> the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

Relation back is dependent upon four factors:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 21, 29 (1986). While the parties do not dispute that the claims in the amended complaint arise out of conduct set forth in the original pleading, as required by the first factor, they disagree as to whether the remaining three are satisfied.

In this Circuit, a plaintiff must clearly set forth in his or her pleadings that government defendants are being sued in their individual capacities for damages. *Wells v. Brown*, 891 F.2d

-8-

591, 593 (6th Cir. 1989). *Wells* requires a plaintiff to clearly notify any defendant of his or her intent to seek individual liability. While it is "clearly preferable" that a plaintiff expressly state in the complaint whether a defendant in a § 1983 action is sued in his or her individual capacity, "failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice of an individual capacity claim." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). Thus, the Court must determine whether the individual Defendants were given and received proper notice of Plaintiff's intention to seek personal liability by examining the course of proceedings in this matter.

In this case, Plaintiff originally pleaded capacity affirmatively and chose to name Defendants as official government agents only. The caption of Plaintiff's original complaint listed each Defendant and explicitly stated that each was sued in his or her official capacity, only. The complaint indicates that each Defendant was acting in his or her capacity as a police officer. The face of Plaintiff's original complaint conveys his intentional choice to hold the City responsible for the acts of its agents.[2] Relying on Plaintiff's choice to sue them in their official capacity only, Defendants did not raise the affirmative defense of qualified immunity.

"[T]he distinction between an official capacity and an individual capacity suit is significant." *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993)(finding that the district court erred in granting a motion to amend after the running of the statute of limitations where original

---

[2]       Plaintiff admits in his memorandum in opposition to Defendants' motion for judgment on the pleadings that "Defendants make good arguments related to federal claims against the individuals in their official capacity only. Plaintiff is seeking leave to file an amended complaint to take action against the individual Defendants in their personal capacity and their official capacity." (Pl's Mem. Opp., at p. 2.)

pleading clearly named the defendant in his official capacity only). This case is the controlling law of this Circuit. A lawsuit in an individual capacity exposes defendants to the possibility of having to pay damages from his or her personal assets. Here, until Plaintiff filed his motion for leave to amend his complaint, Defendants had no reason to believe that they would be held personally liable or that their personal assets were at stake.

With such a clear statement in the pleadings, Defendants had no notice or reason to know that they were being sued in their personal capacities or that, but for a mistake concerning identity, the suit would have been against them personally. Thus, the amended complaint fails to meet the criteria for relation back set forth in Fed.R.Civ.P. 15(c)(3).

For these reasons, Plaintiff's motion for reconsideration of the Magistrate Judge's Order granting in part and denying in part plaintiff's motion for leave to amend the complaint is **DENIED**.

## B.    Motion for Judgment on the Pleadings[3]

Local government officials sued in their official capacities are "persons" for purposes of § 1983 in those cases in which a local government would be subject to suit in its own name. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 591 n.55 (1978). A § 1983 action against a municipal official in his or her official capacity is treated as an action against the municipality entity itself. *Shamaeizadeh v. Cunigan*, 338 F.3d 535 (6th Cir. 2003).

---

[3]        Defendants have not objected to that aspect of the Magistrate Judge's Order permitting Plaintiff to supplement his complaint with additional, clarifying factual allegations. As a result, Plaintiff supplemented his causes of action, particularly his conspiracy claims, with clarifications that Defendants conspired "with others including volunteer leaders of the Explorer Posts" to deprive him of his constitutional rights.

-10-

The Supreme Court has noted, in *dictum*, that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). As such, in the instant matter, Defendants argue that it is redundant to allege claims against both a municipality and against its officers in their official capacities, as the latter necessarily implicates the former. They, therefore, seek dismissal of the amended complaint altogether as it relates to them in their official capacity. *See Luke v. Abbott,* 954 F. Supp. 202 (C.D. Cal. 1997), *Williams v. City of Saginaw,* 2002 WL 1798907, *13 (E.D. Mich., Aug. 2, 2002)(unpublished)(collecting cases in which district courts have dismissed official capacity suits against municipal employees as redundant when both an officer and the local government entity are named).

The Court acknowledges that Plaintiff's claims against the individual Defendants in their official capacities are duplicative of those made against the City of Columbus. *Monell* and its progeny, however, clearly recognize and condone official capacity claims against local government employees, and the courts routinely countenance such lawsuits. Defendants have provided no binding authority from the Supreme Court or the Court of Appeals for the Sixth Circuit from which this Court could conclude that dismissal of the official capacity claims against the Defendants is proper. Defendants' motion for judgment on the pleadings is therefore **DENIED** in this regard.

## C.     Section 1983 Claim Against the City of Columbus

Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or

-11-

usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

.

42 U.S.C. § 1983. Section 1983 itself creates no substantive rights, but merely provides a mechanism for aggrieved persons to obtain a remedy for deprivations of rights established elsewhere. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998); *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992).

Defendant, the City of Columbus, as a municipality, may be held liable under § 1983 only when the municipality itself causes the alleged constitutional violation. *Monell*, 436 U.S. at 694. The doctrine of *respondeat superior* does not apply; a governmental entity cannot be held liable under § 1983 based solely upon allegations that an employee or agent inflicted an injury. *Id.* at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The Sixth Circuit has held that "to satisfy the *Monell* requirements a plaintiff must identify the policy, connect the policy to the city itself and show that particular injury incurred because of the execution of that policy." *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (adopting the test articulated in *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984)).

Therefore, the City of Columbus cannot be held liable unless Plaintiff can prove that he suffered a constitutional deprivation as required under §1983 and that such deprivation was caused

-12-

by a policy, practice or custom of the City. The local government's policy or custom "must be the moving force of the constitutional violation in order to establish the liability of a governmental body under § 1983." *Polk County v. Dodson*, 454 U.S. 312 (1981) (quoting *Monell*, 436 U.S. at 694). The course of conduct, "whether formally declared or informally accepted, must be the policy of the city government if it is to be the basis of city liability." *Bennett*, 728 F.2d at 767.

The City of Columbus seeks judgment in this matter on the basis that Plaintiff has failed to articulate a particular City policy or official custom that resulted in the alleged violation of his constitutional rights. The Court notes, however, that Plaintiff repeatedly alleges that the City of Columbus had policies and/or customs that led the Defendants to violate his constitutional rights. (*E.g.*, Amend. Compl., ¶¶58, 64, 70, 76.) Plaintiff also alleges that the City of Columbus "failed to train" its employees so that they did not violate his civil rights. (*E.g.* Amend. Compl., ¶¶ 59, 71, 83.)

The City of Columbus' motion for judgment on the pleadings on Plaintiff's § 1983 claim is **DENIED.** At the pleading stage, Plaintiff has not yet had the opportunity to engage in discovery as it relates to the City's official policies and customs, and he is not compelled to adduce such evidence in response to Defendants' motion for judgment on the pleadings. Whether or not the City had such policies and whether Plaintiff suffered a constitutional deprivation as a result of one or more of them requires additional proof, which Defendants may later test at the summary judgment stage of the litigation. At this point, however, Plaintiff has satisfied his pleading burden as it relates to a § 1983 claim against the City of Columbus.

-13-

**D.    Section 1985 Claims**

Section 1985 pertains to conspiracies to interfere with civil rights.[4]  To succeed in establishing a cause of action under 42 U.S.C. § 1985, Plaintiff must prove "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003) (citing *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828-29 (1983)). A § 1985(3) complaint must "allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action." *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992); *Center for Bio-Ethical Reform, Inc. v. City of Springboro* 477 F.3d 807, 832 (6th Cir. 2007).

Here, Defendants seek judgment on the pleadings as to Plaintiff's conspiracy claim under § 1985. Defendants base their motion on the intra-corporate conspiracy doctrine, which holds that employees of a single collective entity cannot conspire with each other. *See generally Hull v. Cuyahoga Valley Joint Vocational Sch. Dist.,* 926 F.2d 505, 509 (6th Cir. 1991).  Defendants

---

[4]        Section 1985(3) provides:

[i]f two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3)

-14-

contend that the intra-corporate conspiracy doctrine applies to and defeats Plaintiff's claims brought under 42 U.S.C. § 1985(3).

In this case, the intra-corporate conspiracy doctrine would bar a claim under § 1985 if Plaintiff alleges that Defendants, as employees of the City of Columbus, conspired with each other and their governmental employer. Here, however, Plaintiff has amended his complaint and supplemented his § 1985 claims by stating that Defendants, who are indisputably police officers employed by the City of Columbus, conspired "with others including volunteer leaders of the Explorer Posts," to infringe on his constitutional rights.

Nonetheless, for several reasons, Defendants are entitled to judgment because the reference in Plaintiff's amended complaint to the conspiracy, namely that the named Defendants conspired "with others including volunteer leaders of the Explorer Posts," is vague, and that Plaintiff has failed to plead any facts supporting these conclusory assertions. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim ....." *Guitterz v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984) (holding that a conspiracy claim was properly dismissed where "complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory").

Even under the most liberal construction of his amended complaint, Plaintiff fails to provide anything more than conclusory allegations of conspiracy. Plaintiff has done no more than state that a purported conspiracy existed between the named Defendants and unknown third-persons affiliated with the Explorers. Plaintiff has neither identified who was involved in the

-15-

conspiracy nor described what the objective of that conspiracy was. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1959 (2007).

Accordingly, Defendants' motion is **GRANTED** with respect to Plaintiff's conspiracy claims under § 1985.

**IV.**

For the foregoing reasons, Defendants' motion for judgment on the pleadings (Doc. #7) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's motion for reconsideration of the Magistrate Judge's Order (Doc. #19) is **DENIED**.

**IT IS SO ORDERED.**

1-22-2008

**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**